IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15cv1131-WYD


SLAWSON EXPLORATION COMPANY,

Plaintiff,

vs.
ARCH SPECIALTY INSURANCE COMPANY,

Defendant.

---

## [PROPOSED] PROTECTIVE ORDER

---

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action would be warranted.   Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.   This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

2.   DEFINITIONS

    2.1   Party: any Party to this action, including all of its officers, directors, employees, contractors, consultants, retained experts, and outside counsel (and their support staff).

    2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise in the prosecution or defense of this matter.

    2.3   "Confidential" Information or Items: non-public materials (regardless of how generated, stored, or maintained) or tangible things containing sensitive commercial, financial, proprietary, or technical information that the Producing Party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth or that is required by contract or law to be kept confidential. "Confidential" information or items includes, but is not limited to, information that is required to be kept confidential pursuant to any settlement agreement arising from or related to the July 6, 2013 incident in Lac-Megántic in Quebec, Canada giving rise to this lawsuit. Materials designated as "CONFIDENTIAL" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(j). Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "confidential" information.

    2.4   "Highly Confidential" Information or Items: non-public materials that contain or disclose (i) current cost and pricing information; (ii) specifics of financial or business plans or strategies; (iii) internal competitive assessments; and (iii) proposed, pending, contemplated, or

2

otherwise undisclosed commercial transactions or other proposed, pending, contemplated, or non-public business ventures or combinations. Materials designated as "HIGHLY CONFIDENTIAL" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(i) below. Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "highly confidential" information.

2.5 "Protected Material": Confidential Information or Items and Highly Confidential Information or Items as well as copies thereof disclosed or produced by any Party in this litigation (or by any third-party or non-party). Protected Materials shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment and are not exempt from disclosure under applicable law or have been properly disclosed under a Freedom of Information Act or other open records request.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material to a Receiving Party in this action.

2.8 Designating Party: a Producing Party that designates Disclosures or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 In-House Counsel: attorneys who are employees of a Party.

3

2.11   Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or specially employed by a Party or its counsel to serve as an expert witness or as a consultant in this action.  However, nothing in this Order precludes any employee of a Party from being designated as or providing expert testimony in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and persons or entities that provide jury or trial consulting services or independent contractors or their employees and subcontractors hired to assist them.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

4.   DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

LITIGATION/4580288.1

5.1   Exercise of Reasonable Restraint and Care in Designating Material for Protection.

A Designating Party must take reasonable care to limit any designation of information or items

to specific material that qualifies under the standards set forth above, so that other materials for

which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited.   If a Designating Party discovers that

information or items that it designated for protection under this Order do not qualify for

protection as set forth herein, or do not qualify for the level of protection initially asserted, that

Designating Party must promptly notify all Receiving Parties that it is withdrawing or revising

the mistaken designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order

or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced. Designation in conformity

with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions

or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" on each page that contains Protected Material.   A Party or non-

party that makes original documents or materials available for inspection need not designate

them for protection until after the inspecting Party has indicated which material it would like

copied and produced.   During the inspection and before the designation, all of the material made

available for inspection shall be deemed "HIGHLY CONFIDENTIAL."   After the inspecting

Party has identified the documents it wants copied and produced, the Producing Party must

determine which materials qualify for protection under this Order, then, before producing the

LITIGATION/4580288.1

specified materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material;

(b)     All testimony in a deposition or other pretrial proceeding shall be automatically treated by the Parties as "HIGHLY CONFIDENTIAL" for up to thirty days after receipt of the official transcript.   A Party or non-party that sponsors, offers, or gives the testimony has up to thirty days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").   Only those portions of the testimony that are appropriately designated for protection within thirty days after receipt of the official transcript shall be covered by the provisions of this Order.   If the pendency of a dispositive motion or other deadline render impracticable for a Receiving Party to wait for the expiration of the thirty day period,   a Party or non-party that sponsors, offers, or gives the testimony shall make their designation as soon as reasonably practicable after receipt of the official transcript.   Transcripts containing Protected Material must have affixed by the court reporter or the Designating Party to the top of the transcript the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(c)     for documents produced electronically in native format, that the Producing Party either (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") in a clear, distinctive manner to any document containing Protected Material; (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the exterior of any CD, DVD, flash drive, hard drive, or any other media

6

containing Protected Material; or (3) include the term or terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name as produced; provided that nothing herein should be deemed as an admission by any Party that documents produced in this Action must be produced in native format; and

(d)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

(e)     for information or documents filed with or otherwise disclosed to the Court, the filing party must comply with the District of Colorado's Local Rules regarding public access to documents and proceedings, and in particular ensure that all such information or documents have the proper level of restriction under ~~D. Colo. L. R.~~ *D.Colo.LCivR.* 7.2(b).

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or      "HIGHLY      CONFIDENTIAL"     in accordance herewith does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7

5.4     Inadvertent Production of Privileged Material.    Inadvertent disclosure of any

document or other information covered by the attorney-client privilege, work-product, or other

applicable privileges during discovery in this matter, shall be without prejudice to any claim that

such document or other information is privileged or confidential, and no party shall be held to

have waived any rights by such inadvertent disclosure.  If the Producing Party claims in writing

that identified material was inadvertently disclosed, the Receiving Party shall immediately return

to counsel for the Producing Party any and all copies of the identified material and thereafter

refrain from any use whatsoever of the identified material.  The provisions of Rule 26(b)(5) of

the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is

intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in

this matter.  Nothing herein shall prevent the Receiving Party from contending that privilege was

waived for reasons other than the mere inadvertent production thereof.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.    Unless a prompt challenge to a Designating Party's

designation under this Order is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a

challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.    A Party that elects to initiate a challenge to a Designating

Party's designation under this Order must do so in good faith and must begin the process by

conferring directly with counsel for the Designating Party.  In conferring, the challenging Party

must explain the basis for its belief that the designation was improper and must give the

8

Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.    A Party that elects to challenge a designation, after considering the justification offered by the Designating Party, may raise the issue with the Court *pursuant to my Miss discovery procedures.* The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.    A Receiving Party shall only use Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 11, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provisions of this Order, under no circumstances shall any Protected Material or any information contained therein be used by any Receiving Party or Counsel in the preparation or prosecution of any patent applications or other proceedings before the U.S. Patent and Trademark Office or for competitive purposes on behalf of a Receiving Party.

LITIGATION/4580288.1

7.2     Disclosure of Protected Materials.    Protected Materials and any information

contained therein shall not be publicly disclosed, and shall only be disclosed (and copies may be

made to facilitate this disclosure) subject to Paragraphs 2.3, 2.4, 7.3 and 10, only to the following

persons ("Qualified Persons") according to the terms of this Order:

(a)     Outside Counsel (both Outside Counsel of record, other Outside Counsel)

of a Receiving Party who are substantially engaged in the prosecution or defense of this action,

including attorneys associated with Outside Counsel of record, and regular and temporary

employees and support staff of such Outside Counsel of record, other Outside Counsel.  Before

disclosing Protected Material, the Party making such disclosure must notify the Producing Party

and provide a reasonable opportunity for the Producing Party to object to such disclosure.  In the

event of an objection, the Protected Materials will not be disclosed unless and until a court orders

such disclosure or the objection is resolved to the Producing Party's satisfaction.

(b)     In House Counsel of a Receiving Party who is substantially engaged in the

prosecution or defense of this action.

(c)     Professional Vendors that assist Counsel in the prosecution or defense of

this action or any Related Action, such as outside contractors and document discovery services

hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and

retrieval of discovery materials, graphics or design services, and jury or trial consulting services,

and who have executed the Acknowledgment and Agreement to be Bound in the form annexed

hereto as Exhibit A;

(d)     Experts, whether testifying or not, including their support staff and

associates only to the extent necessary for such an Expert to prepare a written report or opinion,

10

to prepare to testify, or to assist counsel in the prosecution or defense of this action or any Related Action, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(e)     the Court and its staff, or a special master appointed by the Court and its staff, in this action or any related action;

(f)     court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in this action or any related action and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(g)     the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business;

(h)     those other persons expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, prior to disclosure to such persons; provided, however, that any person qualified under this provision may only review the Protected Material of the Designating Party that has expressly provided such authorization; and further provided that each such person shall have previously signed the document provided in Exhibit A, or is giving testimony in this lawsuit and is therefore under the jurisdiction of this Court and shall be given actual notice of the Protective Order during the testimony.

(i)     Deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good-faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Protected Material is necessary in connection with

such testimony, provided that each such person shall have previously signed the document provided in Exhibit A, or is giving testimony in this lawsuit and is therefore under the jurisdiction of this Court and shall be given actual notice of the Protective Order during the testimony.

(j)     The parties, including any officer, director, agent, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this matter, provided that each such person shall have previously signed the document provided in Exhibit A. Each party is responsible for securing Acknowledgements from their officers, directors, agents and employees.

7.3     Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons.  Information designated "HIGHLY CONFIDENTIAL" shall not be disclosed or made available to persons other than Qualified Persons described in Paragraphs 7.2(a) through 7.2(i) above.

7.4     To the extent a designated individual to whom Protected Material may be disclosed is or may be a non-testifying Expert, such non-testifying Expert will not be subject to deposition, subpoena, or other discovery as a witness at trial based solely on the fact that he/she is a non-testifying Expert. No provision of this Protective Order is intended to waive any Party's protected work product as to any non-testifying Expert, or to preclude the deposition or trial testimony of any individual whom a Party believes in good faith has pre-existing independent information or knowledge of facts relevant to this case about such information or knowledge.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

LITIGATION/4580288.1

If a Receiving Party is served with a subpoena or an order issued in other litigation (including any Related Action) that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must immediately notify the Designating Party in writing (by fax or email attachment, if possible) of such subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Should the Designating Party choose to limit such production, the Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

13

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

All Protected Material shall be filed with or disclosed to the Court pursuant to ~~D. Colo. L.~~ *D.Colo. LCivR.* ~~R.~~ 7.2 with a Level 1 restriction or higher.  Unless the Court denies the request for restricted access, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final dismissal or other conclusion of this Action ("Termination of Action") with respect to a Producing Party ("Dismissed Party"), including but not limited to dismissal with prejudice, each Receiving Party must return all Protected Material to the Dismissed Party (or its counsel) any Protected Material produced by said Dismissed Party or destroy such Protected Material, and the Dismissed Party must return to any Producing Party (or its counsel) its Protected Material or destroy said material.  If a Producing Party is removed from this Action, it shall be treated as a Dismissed Party by any Receiving Party that is not also a party to the transferred action.  The requirement to return or destroy Protected Material applies also to all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party or counsel for the Receiving Party must submit a written certification by email, mail, or facsimile to the Dismissed Party or counsel for the Dismissed Party (and, if not the same person or entity, to the Designating Party or Producing Party) by the sixty-day deadline that affirms that all

14

Protected Material in the Receiving Party's possession or control has been returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material, except that Counsel for either Party to this action and Arch Specialty Insurance Company, as an insurance carrier, are entitled to retain copies of any documents that may contain Protected Material in accordance with any and all applicable state and federal record-keeping requirements. Notwithstanding the foregoing requirements of this paragraph, Counsel for either Party and Arch Specialty Insurance Company, as an insurance carrier, are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material in accordance with any and all state and federal record-keeping requirements. Any such copies retained by Counsel for a Party or Arch Specialty Insurance Company pursuant to this Paragraph that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any Protected Material.

12.3   <u>Right to Seek Modification</u>. By stipulating to entry of this Order, no Party waives the right to later petition the Court for modification of this Order.

12.4   <u>Right to Request Injunction</u>.   Each Party acknowledges that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If any person violates or threatens to violate the terms of this Order, the aggrieved Party may immediately ~~apply~~ File a motion to obtain injunctive relief against any such violation or threatened   *KLM* violation, and in such a situation any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

12.5   <u>Ability to Advise Clients</u>.   This Protective Order shall not bar attorneys from advising their clients with respect to this litigation, regardless of whether such legal counsel is based on examination of any documents or other tangible items with Protected Material.

LITIGATION/4580288.1

DATED this ___8TH___ day of ___October___ 2015

_____
Kristen L. Mix
United States Magistrate Judge

**WE AGREE AND MOVE:**

_Katherine D. Varholak_____          _Lisa F. Mickley_____

Christopher R. Mosley                            Lisa F. Mickley
Katherine D. Varholak                            Stephanie A. Montague
Sherman & Howard, LLC                            Joan S. Allgaier
633 17th St., Ste. 3000                          HALL & EVANS, L.L.C.
Denver, CO 80202                                 1001 17th Street, Suite 300
PHONE: (303) 297-2900                            Denver, Colorado 80202
                                                 (303) 628-3300

Attorneys for Plaintiff

                                                 Attorneys for Defendant

17

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ of _____

_____, declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court

for the District of Colorado in the case of _____.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order. I further agree to submit

to the jurisdiction of the U.S. District Court for the District of Colorado for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.


Signature: _____

Name: _____

Date: _____

LITIGATION/4580288.1