IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01131-KLM

SLAWSON EXPLORATION COMPANY, INC.,

  Plaintiff,

v.

ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation,

  Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion to Stay Discovery Pending Settlement Negotiations and to Amend Scheduling Order** [#45][1] (the "Motion"). In the Motion, the parties ask that discovery be stayed until December 1, 2015 to allow them to engage in settlement negotiations and that all pending pre-trial deadlines be extended by sixty days. *See generally Motion* [#45]. In the Motion, the parties state that they have a settlement conference scheduled in mid-November and argue that there is good cause for the requested relief. *Id.* at 1, 3.

## I. Analysis

**A.  Stay of Discovery**

Although a stay of proceedings in a case is generally disfavored, the Court has

---

[1] "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis*, 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until

the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties state in the Motion that the requrested stay will not prejudice or burden them. *Motion* [#45] at 3. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of staying discovery. With regard to the third factor, it is certainly more convenient for the Court to enter a short stay of discovery until it is clear whether the parties wish to proceed with this litigation. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against

a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court finds that the requested stay of discovery is appropriate in this case.

**B.     Amendment of the Scheduling Order**

A Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this case, the Court finds that parties' desire to conserve resources while they engage in settlement negotiations establishes good cause for the requested sixty-day extension of certain Scheduling Order deadlines. However, the Motion very broadly asks the Court to extend "all pre-trial deadlines in the scheduling order by sixty (60)days," *Motion* [#45] at 2, but only specifically identifies the following imminent deadlines:

> (1) the 90-day period of limited discovery for information and documents related to the applicable choice of law and the issue of exhaustion; and (2) the December 1, 2015 deadline to file any Rule 56 motion on the issues of exhaustion or choice of law, December 21, 2015 response deadline, and the January 4, 2016 reply deadline.

*Motion* [#45] at 1 n.1. The Court's own review of the Scheduling Order reveals that this early discovery relating to choice of law and exhaustion includes the only imminent deadlines in this case and that the next deadline set in the Scheduling Order is May 31, 2016. The Court finds that the parties' non-specific request to amend "all pre-trial deadlines" in the Scheduling Order is not supported by good cause. Accordingly, the Court grants the request to extend the early discovery deadlines and denies without prejudice the

request to extend "all pre-trial deadlines." If the parties can show good cause for extension of deadlines ranging from May 2016 through March 2017 based on a November 2015 settlement conference, they may file a motion requesting that relief.

## II. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED in part** and **DENIED in part**. Discovery in this case is **STAYED** through **December 1, 2015**.

IT IS FURTHER **ORDERED** that the deadlines listed below are extended as indicated:

- Deadline for Early Discovery Regarding Choice of Law and Exhaustion     **February 16, 2016**

- Deadline for Rule 56 Motion Regarding Choice of Law and Exhaustion     **February 1, 2016**

- Deadline for Response to Early Rule 56 Motion     **February 19, 2016**

- Deadline for Reply in Support of Early Rule 56 Motion     **March 4, 2016**

Dated: November 12, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge