IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01131-KLM

SLAWSON EXPLORATION COMPANY, INC.,

    Plaintiff,

v.

ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#64][1] ("Motion to Amend"). There are also numerous requests to restrict documents pending before the Court. Specifically, Plaintiff's **Renewed Motion to Restrict Access** [#72]; Defendant's **Unopposed Motion to Restrict Public Access to Exhibits to Motion for Determination of Question of Law (Doc. 57)** [#80]; Defendant's **Unopposed Motion to Restrict Public Access to Exhibits to Motion for Summary Judgment (Doc. 60)** [#82]; Defendant's **Unopposed Motion to Substitute Redacted Exhibits for Restricted Exhibits to Motion for Determination of Question of Law (Doc. 59)** [#83]; Defendant's **Unopposed Motion to Restrict Public Access to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment (Doc. 85)** [#88]; and,

---

[1] "[#64]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

finally, Plaintiff's **Unopposed Motion to Restrict Access** [#89] (collectively, "Motions to Restrict"). None of the Motions to Restrict are opposed.

With respect to the Motion to Amend, Plaintiff states that "counsel for [Plaintiff] . . . conferred with counsel for [Defendant], and [Defendant] does not take a position on this motion." *Motion to Amend* [#64] at 1. Nonetheless, Defendant filed a Response [#84] requesting that the Court deny the Motion to Amend. Plaintiff has filed a Reply [#93] in further support of the Motion to Amend.

The Court has reviewed all Motions, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **DENIES without prejudice** the Motion to Amend [#64] as premature, and **GRANTS** the Motions to Restrict [#72, #80, #82, #83, #88, #89].

## I. Discussion

In short, this action relates to a dispute over an insurance claim as a result of a July 6, 2013 accident that occurred in Canada. *See Scheduling Order* [#44]. Plaintiff, among others not parties to this suit, entered into a settlement agreement resolving litigation in Canada. *Id.* at 1. The parties in this action dispute whether Defendant – Plaintiff's insurance carrier – was required to pay a portion of this settlement pursuant to an insurance policy between the parties. *Id.* at 1-2.

On February 10, 2016, the parties filed motions regarding the choice of law governing this action. Specifically, in its Motion for Partial Summary Judgment [#55], Plaintiff argues that Colorado law applies, and in its Motion for Determination of Question of Law Re: Choice of Law [#57] (together, "Choice of Law Motions"), Defendant argues that

Kansas law applies.  *See generally Choice of Law Motions* [#55, #57].  In addition, on the same date, Defendant filed a Motion for Summary Judgment [#60].  Collectively, the parties and the Court refer to these three motions [#55, #57, #60] as the "Threshold Motions."

**A.    Motion to Amend**

On February 11, 2016, Plaintiff filed an unopposed motion requesting that the Court extend the February 16, 2016 deadline to join parties and amend pleadings to thirty days "after this Court rules on the [C]hoice of [L]aw [M]otions[.]"  *See Plaintiff's Second Unopposed Motion for Extension of Time to Join of* [sic] *Parties and Amend Pleadings* [#62].  The Court denied this motion without prejudice based on the open-ended nature of the request, stating that the Court "generally does not make decisions based on what may happen in litigation."  *Minute Order* [#63].  The Court further stated: "Any party seeking leave of the Court to file an amended pleading or joinder of additional parties shall make such request if and when good cause exists."  *Id.*  On February 16, 2016, Plaintiff filed the present Motion to Amend.  *Motion to Amend* [#64].

The Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  Potential

prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

Primarily, Plaintiff seeks to "include alternative claims for relief under Kansas law[.]" *Motion to Amend* [#64] ¶ 6. Plaintiff also states that the Motion to Amend "is necessary out of an abundance of caution and good cause for the amendment exists to preserve [Plaintiff]'s rights to the more liberal amendment standard that applies prior to the expiration of the deadline." *Id.* ¶ 7. Defendant argues that the Motion to Amend is premature given that the Court has not yet ruled on the Choice of Law Motions. *Response* [#84] ¶ 4. Thus, Defendant contends that it would be prejudiced by having to expend resources to respond to an Amended Complaint at this time. *Id.* ¶ 5.

The Court agrees with Defendant. Plaintiff is primarily concerned that any future request for leave to amend its pleadings will be subject to a heightened standard of "good cause" under Rule 16(b)(4). Plaintiff is correct. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."). Nonetheless, as Defendant correctly notes, the Motion to Amend is premised on a potential outcome of the Choice of Law Motions, and may potentially be rendered unnecessary by the Court's decision regarding these motions. The fact that the Rule 16(b)(4) standard requires a heightened showing of "good cause" does not perforce bar a request for leave to amend simply because the request was made after the deadline set

forth in the Scheduling Order. *See Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). Moreover, to the extent that the Court eventually determines that Kansas law applies here, and this determination is made after the deadline for such leave to amend, the timing of the ruling would provide the required "good cause" under Rule 16(b)(4). Accordingly, the Court **denies without prejudice** the Motion to Amend as premature at this time.

**B.   Motions to Restrict**

The parties have also requested restriction of numerous documents filed in support of the Threshold Motions. On February 10, 2016, Plaintiff filed sixteen exhibits as restricted documents. *See Restricted Document* [#56]. Although Plaintiff made a request in this filing that the Court permit the documents to filed as restricted, this request was not filed as a separate motion and was not accessible by either the public or Defendant. *See id.* On February 10 and 11, 2016, Defendant filed two motions requesting that the Court restrict access to documents filed in support of its Choice of Law Motion [#57] and, additionally, that the Court allow the filing of a redacted version of its Motion for Summary Judgment [#60]. *See Unopposed Motions to Restrict Public Access* [#58, #61].

On February 18, 2016, the Court denied Defendant's motions on the basis that Defendant had not adequately explained why Defendant's interest in filing the documents as restricted outweighed the presumption of public access. *Minute Order* [#66]. The Court further noted that "several of the exhibits – which were filed under seal pending resolution of this motion – are redacted. . . . Indeed, one of these documents, Exhibit L, is entirely

redacted, and the Court is left without any means by which to evaluate Defendant's contentions." *Id.*  Defendant then filed a motion renewing its request, arguing that "[t]he restricted documents contain highly confidential information regarding two high-stake settlement agreements" and that "[a]ll of the restricted documents consist entirely of . . . confidential information" from the "settlements themselves and the negotiations concerning those settlements." *Renewed Unopposed Motion to Restrict Public Access* [#67] ¶¶ 7,8. The Court denied this motion as well, stating that "many of these documents not only appear to have no information about the settlement agreements, but also were created prior to the date of the underlying accident – July 6, 2013 – that gave rise to this dispute (which, of course, presumably predates the settlement agreements)." *Minute Order* [#69]. Further, after it came to the Court's attention that Plaintiff had filed its documents as restricted without filing a motion to restrict the documents pursuant to Local Rule 7.2, *see Restricted Documents* [#56], the Court directed the Clerk of Court to remove the restriction pursuant to Local Rule 7.2(e). *See Minute Order* [#71]; *see also* D.C.COLO.LCivR 7.2(e) ("If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain a Level 1 restriction for 14 days.  If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.").

The parties then requested a status conference with the Court, which was conducted on March 4, 2016.  *See Stipulated Motion for Hearing/Conference* [#75]; *Minute Entry* [#78].  Just prior to the status conference and in the week following the status conference, the parties filed the present Motions to Restrict, arguing a variety of reasons for restriction of the underlying documents.  Specifically, both of Plaintiff's Motions to Restrict [#72, #89],

state that the documents contain confidential information related to a settlement agreement entered into as a result of litigation in Canada. *See, e.g.*, *Plaintiff's Unopposed Motion to Restrict Access* [#89]. Both of Plaintiff's Motions request Level 1[2] restriction.

Defendant argues that the documents for which it seeks restriction are confidential documents obtained from Plaintiff during discovery. *See, e.g.*, *Unopposed Motion to Restrict Public Access to Exhibits to Motion for Determination of Question of Law (Doc. 57)* [#80]. Further, several of Defendant's motions request that it be permitted to submit redacted versions of documents, and restrict the original documents at Level 2 or 3.[3] *See, e.g.*, *Unopposed Motion to Substitute Redacted Exhibits for Restricted Exhibits to Motion for Determination of Question of Law (Doc. 59)* [#83].

"There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure." *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015) (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir.1997)). The Court's Local Rules detail the steps a party must take to file a document under restriction. *See* D.C.COLO.LCivR 7.2(c). Specifically, a party must:

> (1) identify the document . . . for which the restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable . . . ; and (5) identify the level of restriction sought.

---

[2] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.

[3] Level 2 limits access to the documents to the filing party and the Court, while Level 3 limits access to the Court only. *See* D.C.COLO.LCivR 7.2.

D.C.COLO.LCivR 7.2(c)(1)-(5).

The Court **grants** the Motions to Restrict. In accordance with D.C.COLO.LCivR 7.2, the Motions were publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. For example, many of the documents pertain to the settlement agreement identified by Plaintiff, and that restrictions requested here are clearly warranted given the nature of the settlement agreement, i.e. an agreement made confidential by order of a court. *See Order Varying the Order Approving the Amended Plan of Compromise and Arrangement* [#43-3] at 7. Further, the redactions proposed by Defendant appear to be narrowly tailored to prevent the disclosure of confidential information. Accordingly, the Motions to Restrict are **granted**.

## II. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion to Amend [#64] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Motions to Restrict [#72, #80, #82, #83, #88, #89] are **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 1**: Exhibits submitted in support of Plaintiff's Motion for Partial Summary Judgment **[#56, #73]**; Exhibits submitted in support

of Defendant's Choice of Law Motion **[#81]**; and Exhibits submitted in support of Plaintiff's response to Defendant's Motion for Summary Judgment on Exhaustion **[#90]**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 2**: Defendant's Motion for Summary Judgment **[#60]**; Exhibits submitted in support of Defendant's Choice of Law Motion **[#59]**; and Defendant's Response to Plaintiff's Motion for Partial Summary Judgment **[#85]**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to accept for filing the following redacted documents: Defendant's Redacted Motion for Summary Judgment [#82-1]; Redacted exhibits in support of Defendant's Choice of Law Motion [#83-1 through 7]; and Defendant's Redacted Response to Plaintiff's Motion for Partial Summary Judgment [#88-1].

Dated:  April 19, 2016

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge

of Defendant's Choice of Law Motion **[#81]**; and Exhibits submitted in support of Plaintiff's response to Defendant's Motion for Summary Judgment on Exhaustion **[#90]**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 2**: Defendant's Motion for Summary Judgment **[#60]**; Exhibits submitted in support of Defendant's Choice of Law Motion **[#59]**; and Defendant's Response to Plaintiff's Motion for Partial Summary Judgment **[#85]**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to accept for filing the following redacted documents: Defendant's Redacted Motion for Summary Judgment [#82-1]; Redacted exhibits in support of Defendant's Choice of Law Motion [#83-1 through 7]; and Defendant's Redacted Response to Plaintiff's Motion for Partial Summary Judgment [#88-1].

Dated:  April 19, 2016

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge